## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

MCP IP, LLC,

      Plaintiff,

      v.                      **C.A. No. _____**

BARNETT OUTDOORS, LLC,

      Defendant.

## COMPLAINT

Plaintiff MCP IP, LLC ("MCP") hereby brings this complaint for patent infringement against Defendant Barnett Outdoors, LLC ("Barnett") and alleges as follows:

## NATURE OF THIS ACTION

1.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

2.     MCP alleges infringement of U.S. Patent No. 10,386,151 (the "'151 Patent").

## PARTIES

3.     Plaintiff MCP IP, LLC is a limited liability company organized and existing under the laws of the state of South Dakota, with a principal place of business location at 919 River Road, Sparta, Wisconsin 54656.

4.      Defendant Barnett Outdoors, LLC. is a limited liability company organized and existing under the laws of the state of Florida, with a principal place of business located at 955 Live Oak St., Tarpon Springs, FL. Barnett may be served with process at the same address.

5.      Barnett manufactures, sells, offers to sell, uses products and/or causes products to be made, sold, offered for sale and/or used throughout the United States, including in this judicial district. Upon information and belief, Barnett introduces or causes to be introduced infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

7.      This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Barnett because it is formed under Florida law and has therefore purposely availed itself of the privileges and benefits of the laws of the State of Florida.

9.      Furthermore, this Court has personal jurisdiction over Barnett because, as described further below, Barnett has committed acts of patent

infringement giving rise to this action within the State of Florida and this judicial district and, thus, has established minimum contacts such that the exercise of personal jurisdiction over Barnett does not offend traditional notions of fair play and substantial justice.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Barnett is formed in this district and has a regular and established place of business in this district.

## PATENT-IN-SUIT

11.     U.S. Patent No. 10,386,151 ("the '151 patent"), titled "Archery Bow with Pass Through Cabling," was duly and legally issued by the United States Patent and Trademark Office on August 20, 2019.  Each and every claim of the '151 Patent is valid and enforceable. A true and correct copy of the '151 Patent is attached as Exhibit A.

12.     MCP is the assignee and owner of all right, title, and interest in and to the '151 Patent and possesses the exclusive right of recovery for past, present, and future infringement.

13.     MCP has complied with the requirements of 35 U.S.C. § 287 either because the '151 Patent is not practiced by MCP or any licensee and/or because any licensee has been required to mark its product.

## BARNETT'S ACCUSED PRODUCT

14.     On information and belief, without license or permission from MCP, Barnett has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '151 Patent by engaging in acts constituting infringement under 35 U.S.C. § 271.   These acts include but not necessarily limited to one or more of making, using, selling and offering to sell, in the United States, and importing into the United States, crossbows having the claimed features of the '151 patent.   In particular, Barnett's Hyper Raptor crossbow and substantially similar products and components thereof (the "Accused Products") infringe at least claim 1 of the '151 Patent.

15.     Barnett induces infringement of the '151 Patent by others.   For example, Barnett takes active steps to promote and encourage the sale of the Accused Products by third parties. And Barnett knows or should know that encouraging and directing such sales and promotion actively induce others to directly infringe the '151 Patent.

### COUNT 1
### Infringement of U.S. Patent No. 10,386,151

16.     MCP re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

17.     In violation of 35 U.S.C. § 271, Barnett has infringed, induced others to infringe, and/or contributed to the infringement of one or more claims of

the'151 Patent, including but not limited to Claim 1, literally and/or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States Accused Products in a manner that infringes the '151 patent.

18.    By way of example only, the Accused Products infringe and continue to infringe at least Claim 1 of the '151 Patent. Claim 1 of the '151 Patent reads as follows:

> 1. A crossbow comprising:
>
> a frame;
>
> a first limb arranged to support a first rotatable member, said first rotatable member comprising a first side, a second side, a bowstring track, a first cable track and a pass-through aperture;
>
> a second limb arranged to support a second rotatable member; a bowstring extending between the first rotatable member and the second rotatable member;
>
> a bowstring extending between the first rotatable member and the second rotatable member; and
>
> a first power cable comprising a first segment, a pass-through segment and a second segment, the first segment oriented to the first side of the first rotatable member, the pass-through segment oriented in the pass-through aperture, the third segment oriented to the second side of the first rotatable member.

A chart illustrating one example of Barnett's infringement of the '151 Patent is attached hereto as Exhibit B.

19.    Barnett has engaged in egregious infringement behavior with knowledge of the '151 Patent, which has been duly issued by the USPTO, and is presumed valid. MCP sent Barnett a letter on January 9, 2025, that put Barnett on notice that the Accused Products infringed the '151 Patent. *See* Exhibit C.

20.    On information and belief, Barnett knew of its infringement of the '151 Patent before receiving MCP's letter.

21.    Even after learning of its infringement of the '151 patent, Barnett continued to make, sell, offer for sale and/or import the Accused Products. Barnett could not reasonably or subjectively believe that its actions do not constitute infringement of the '151 Patent, nor could it reasonably or subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Barnett has continued its infringing activities.  As such, Barnett willfully infringes the '151 Patent.

22.    By its actions, Barnett has injured MCP and is liable to MCP for infringement of the '151 Patent pursuant to 35 U.S.C. § 271.

23.    By its actions, Barnett's infringement of the '151 Patent has irreparably injured MCP. Unless such infringing acts are enjoined by this Court, MCP will continue to suffer additional irreparable injury.

24.    By its actions, Barnett's infringement of the '151 Patent has damaged

and continues to damage, MCP in an amount yet to be determined.

25.    Barnett's infringement of the '151 patent is exceptional and entitles MCP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MCP demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, MCP respectfully requests that this Court enter judgement against Barnett as follows:

a)    The '151 patent has been, and continues to be, infringed by Barnett;

b)    Barnett's infringement of the '151 patent has been willful;

c)    The '151 patent is enforceable, eligible for patent protection, and not invalid;

d)    An award of damages adequate to compensate MCP for Barnett's patent infringement that has occurred, together with pre-judgment interests and costs, post-judgment interests and costs, and an accounting;

e)    A permanent injunction preventing further infringement;

f)    If a permanent injunction is not awarded, then an award of ongoing royalty for Barnett's post-verdict infringement, payable on each

product found to infringe the '151 Patent, and on all future products that are not colorably different from those found to infringe;

g)      An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

h)      A finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to MCP of its costs and attorneys' fees incurred in this action; and

i)      Such other relief, including other monetary and equitable relief, as this Court deems just and proper.

Dated:  January 24, 2025

Respectfully submitted,

By: */s/ Nicholas L. Sellars*
    Stephen R. Senn, Esq.
    Nicholas L. Sellars, Esq.
    PETERSON & MYERS, P.A.
    225 East Lemon Street, Suite 300
    Lakeland, Florida 33802-4628
    Telephone: (863) 683-6511
    Facsimile: (863) 682-8031
    Email: ssenn@petersonmyers.com
    nsellars@petersonmyers.com

    Carl E. Bruce *(pro hac vice pending)*
    Matthew A. Colvin *(pro hac vice pending)*
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    Telephone: (214) 747-5070
    Facsimile: (214) 747-2091
    Email: bruce@fr.com
    Email: colvin@fr.com

    **Counsel for Plaintiff**
    **MCP IP, LLC**