UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MCP IP, LLC**<br><br>Plaintiff<br><br>**v.**<br><br>**BARNETT OUTDOORS, LLC**<br><br>Defendant | Case No. 8:25-CV-00197-WFJ-TGW |

**DEFENDANT BARNETT OUTDOORS, LLC'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Barnett Outdoors, LLC ("Barnett") responds to the Complaint (Doc. 1) of Plaintiff MCP IP, LLC ("MCP") as set forth below. All allegations of the Complaint are denied unless specifically admitted herein.

**NATURE OF THIS ACTION**

1. The allegations of paragraph 1 of the Complaint are denied except to admit that this civil action purports to be for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

2. The allegations of paragraph 2 of the Complaint are denied except to admit that MCP purports to allege infringement of U.S. Patent No. 10,386,151 (the "'151 Patent").



#103597422v3

## PARTIES

3. The allegations of paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4. The allegations of paragraph 4 of the Complaint are admitted.

5. The allegations of paragraph 5 of the Complaint are denied except to admit that Barnett sells and offers to sell products in the United States and in this judicial district.

## JURISDICTION AND VENUE

6. The allegations of paragraph 6 of the Complaint are denied except to admit that this civil action purports to be for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

7. The allegations of paragraph 7 of the Complaint are denied except to admit that this Court has subject jurisdiction over the civil action under 28 U.S.C. §§ 1331 and 1338(a).

8. The allegations of paragraph 8 of the Complaint are denied except to admit that this Court may exercise personal jurisdiction over Barnett in this civil action.

9. The allegations of paragraph 9 of the Complaint are denied except to admit that this Court may exercise personal jurisdiction over Barnett in this civil action.

10. The allegations of paragraph 10 of the Complaint are denied except to admit that venue of this civil action is proper in this Court under 28 U.S.C. § 1400(b).

## PATENT-IN-SUIT

11. The allegations of paragraph 11 of the Complaint are denied except to admit that the ‘151 Patent is titled “Archery Bow with Pass Through Cabling,” the U.S. Patent and Trademark Office issued the ‘151 Patent on August 20, 2019, and Exhibit A of the Complaint is an accurate copy of the ‘151 Patent, which patent is the best evidence of its contents.

12. The allegations of paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13. The allegations of paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## BARNETT’S ACCUSED PRODUCT

14. The allegations of paragraph 14 of the Complaint are denied.

15. The allegations of paragraph 15 of the Complaint are denied.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 10,386,151

16. In answer to the allegations of paragraph 16 of the Complaint, Barnett incorporates its responses to the preceding paragraphs.

17. The allegations of paragraph 17 of the Complaint are denied.

18. The allegations of paragraph 18 of the Complaint are denied.

19. The allegations of paragraph 19 of the Complaint are denied except to admit that MCP sent Barnett a letter dated January 9, 2025, and that Exhibit C to the Complaint is a copy of the letter, which letter is the best evidence of its contents.

20. The allegations of paragraph 20 of the Complaint are denied.

21. The allegations of paragraph 21 of the Complaint are denied.

22. The allegations of paragraph 22 of the Complaint are denied.

23. The allegations of paragraph 23 of the Complaint are denied.

24. The allegations of paragraph 24 of the Complaint are denied.

25. The allegations of paragraph 25 of the Complaint are denied.

**MCP'S JURY DEMAND**

The allegations of the Complaint's jury demand do not require a response, but out of an abundance of caution, Barnett denies the allegations of this paragraph.

**MCP'S PRAYER FOR RELIEF**

The allegations of the Complaint's prayer for relief do not require a response, but out of an abundance of caution, Barnett denies the allegations of this paragraph.

## BARNETT'S AFFIRMATIVE DEFENSES

Barnett asserts the following Affirmative Defenses:

***First Defense – Non-Infringement***

Barnett has not and does not infringe, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '151 Patent, either literally or by application of the Doctrine of Equivalents.

***Second Defense – Invalidity***

Each claim of the ‘151 Patent is invalid because it fails to satisfy one or more requirements for patentability, including without limitation, those requirements set forth in 35 U.S.C. §§ 101 102, 103, 112, and 116.

***Third Defense – Prosecution History Estoppel***

MCP is barred from construing any valid claim of the ‘151 Patent in such a way as to cover Barnett’s allegedly infringing activities by prosecution history estoppel resulting from statements and claim amendments made during the prosecution of the ‘151 Patent. MCP is barred from proving infringement under the Doctrine of Equivalents of any valid claim of the ‘151 Patent.

***Fourth Defense – Limitations on Damages***

MCP’s right to seek damages and costs is limited under 35 U.S.C. §§ 284, 285, 287, and 288. MCP is barred from recovering treble damages for any allegedly infringing use of the ‘151 Patent because Barnett has engaged in all relevant activities in good faith and thus MCP will be unable to establish willful conduct by Barnett under 35 U.S.C. § 284. MCP is barred from recovering attorney’s fees because this is not an exceptional case within the meaning of 35 U.S.C. § 285. MCP is barred from recovering damages before the date of the Complaint’s filing herein to the extent MCP did not satisfy the requirements of 35 U.S.C. § 287. MCP is barred from recovering costs associated with this action by 35 U.S.C. § 288.

***Reservation of Additional Defenses***

Barnett reserves the right to add defenses discovered during discovery, up to and including, the time of trial.

## COUNTERCLAIMS

Counterclaim-Plaintiff Barnett Outdoors, LLC asserts the following Counterclaim against Counterclaim-Defendant MCP IP, LLC for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57, as follows:

### NATURE OF THE ACTION

1. This Counterclaim is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, seeking a judgment of invalidity of U.S. Patent No. 10,386,151 (the "'151 Patent") purportedly owned by Counterclaim-Defendant MCP IP, LLC.

### PARTIES

2. Counterclaim-Plaintiff Barnett Outdoors, LLC ("Barnett") is a Florida limited liability company with a principal place of business at 955 Live Oak, Tarpon Springs, Florida 34689.

3. Counterclaim-Defendant MCP IP, LLC ("MCP") is, upon information and belief, a South Dakota limited liability company with a principal place of business at 919 River Road, Sparta, Wisconsin 54656.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331and 1338(a).

5. This Court has personal jurisdiction over MCP because it has submitted itself to the jurisdiction of this Court by bringing this action. Further, upon information and belief, MCP regularly transacts business in Florida.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) and § 1400, and because MCP filed the action in this Court.

## GENERAL ALLEGATIONS

7. On January 24, 2025, MCP filed this action against Barnett claiming that Barnett has infringed and continues to infringe the ‘151 Patent by making, selling, offering to sell, or using in the United State, or by importing into the United States, crossbows including Barnett’s Hyper Raptor crossbow and substantially similar products and components.

8. By virtue of the allegations in MCP’s Complaint and Barnett’s answer thereof, a substantial, actual, and continuing controversy exits between Barnett and MCP as to whether the ‘151 Patent is invalid.

## COUNTERCLAIM 1:
## *NON-INFRINGEMENT OF U.S. PATENT NO. 10,386,151*

9. Barnett refers to and incorporates by reference paragraphs 1-8 of its Counterclaim as if fully set forth herein.

10. Barnett has not and does not directly or indirectly infringe, either willfully or otherwise, any valid and enforceable claim of the ‘151 Patent, either literally or by application of the doctrine of equivalents.

11. Barnett is entitled to a declaratory judgment that it does not infringe any asserted claim of the '151 Patent.

12. On information and belief, when Plaintiff/Counterclaim-Defendant brought this action, they knew, or should have known, that no valid and enforceable claim of the '151 Patent has been infringed by Barnett. This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and Barnett is thus entitled to an award of its reasonable attorneys' fees.

**COUNTERCLAIM 2:**
***INVALIDITY OF U.S. PATENT NO. 10,386,151***

13. Barnett refers to and incorporates by reference paragraphs 1-12 of its Counterclaim as if fully set forth herein.

14. One or more claims of the '151 Patent, including without limitation, claims 1-5, are invalid for failing to satisfy one or more requirements for patentability, including without limitation, those requirements and conditions for patentability set forth in 35 U.S.C. §§ 101 102, 103, 112, and 116.

15. Barnett is entitled to a declaratory judgment that one or more claims of the '151 Patent, including without limitation, claims 1-5, are invalid.

16. Upon information and belief, when MCP brought this action, it knew, or should have known, that the claims of the '151 Patent are invalid. This Counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and Barnett is entitled to an award of its reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

17. Barnett requests a trial by jury on all the issues so triable under Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Defendant and Counterclaim-Plaintiff Barnett Outdoors, LLC prays for relief with respect to MCP's Complaint and Barnett's Defenses and Counterclaim as follows:

A. For judgment in favor of Barnett denying all relief requested in MCP's Complaint and dismissing in its entirety MCP's Complaint with prejudice.

B. For a judgment against MCP declaring that Barnett has not and does not infringe directly or indirectly any valid and enforceable claim of the '151 Patent.

C. For judgment against MCP declaring that each claim of the '151 Patent is invalid.

D. For judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Barnett its costs and reasonable attorney's fees.

E. For judgment awarding Barnett prejudgment and post-judgment interest and its costs, fees, and other expenses incurred in this action.

F. For all other relief to which Barnett may be entitled or which this Court deems just and proper under the circumstances.

Dated: March 31, 2025

Respectfully submitted,

*/s/Luis E. Llamas*
Luis E. Llamas
Florida Bar No. 89822
**Jones Walker LLP**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131-4341
Tel.: 305.679.5700
Fax: 305.679.5710
Email: llamas@joneswalker.com

Michael K. Leachman – Lead Counsel
(*pro hac vice forthcoming*)
Olivia Wolf
(*pro hac vice forthcoming*)
**Jones Walker LLP**
445 North Blvd., Suite 800
Baton Rouge, LA 70802
Tel.: 225.248.2000
Fax: 225.248.2010
Email: mleachman@joneswalker.com
owolf@joneswalker.com

Hugh A. Warren
(*pro hac vice forthcoming*)
**Jones Walker LLP**
3100 North State Street, Suite 300
Jackson, MS 39216
Tel.: 601.949.4900
Fax: 601.949.4804
Email: hwarren@joneswalker.com

***Attorneys for Defendant,***
***Barnett Outdoors, LLC***

## CERTIFICATE OF SERVICE

I certify that on March 31, 2025, I electronically filed the foregoing using the Court's CM/ECF system, and that service was provided by electronic mail to all parties of record.

*/s/ Luis E. Llamas*
Luis E. Llamas



#103597422v3